UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARK RUTHERFORD**                             **CASE NO. 2:22-CV-04336**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**LIBERTY MUTUAL FIRE INSURANCE**     **MAGISTRATE JUDGE LEBLANC**
**CO ET AL**

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Failure to Prosecute Pursuant to Rule 41(B)" (Doc. 40) wherein Defendant Liberty Personal Insurance Company, and improperly named Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company (collectively referred to as "Liberty") move to dismiss the instant lawsuit for failure of Plaintiff to prosecute.

### INTRODUCTION

This lawsuit involves alleged damage to Plaintiff's property that resulted from Hurricanes Laura and Delta. During the relevant time period, Defendant Liberty Personal Insurance Company insured the property. The law firm of McClenny, Moseley & Associates originally represented the Plaintiff followed by the Laborde Earles law firm. On December 19, 2023, the Court entered an order granting Laborde Earles' motion to withdraw from representing Plaintiff.[1] That Order instructed the parties to "proceed immediately pursuant to the Case Management Order."[2] Additionally, the Court instructed

---

[1] Doc. 28.
[2] *Id.*

Liberty to "file Notice with the Court should Plaintiff fail to cooperate, forward initial disclosures, or otherwise hamper movement of this litigation to completion."[3]

The basis of Liberty's motion is that Plaintiff has failed to prosecute this case and comply with this Court's orders.

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure of the Plaintiff to prosecute or to comply with any order of court. Rule 41(b) provides:

> If the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

The power to dismiss a claim under Rule 41(b) is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Liberty informs the Court that Plaintiff has failed to cooperate with it by failing to forward the initial disclosures within 45 days as expressed in the Court's Case Management Order. Liberty also remarks that it held the appropriate Rule 37 conference with Plaintiff. During that conversation, Plaintiff informed Liberty that he would not be providing discovery disclosures.[4] On February 27, 2024, the Court ordered Plaintiff to produce the

---

[3] *Id.*
[4] Defendant's A.

initial disclosures; failure to do so would result in dismissal with prejudice. Plaintiff failed to comply with the Court's Order.[5] Additionally, Plaintiff has failed to respond to Liberty's Motion to Dismiss, and the time for doing so has now lapsed. Considering Plaintiff's refusal to comply with this Court's orders on multiple occasions, the Court finds that dismissal is warranted.

## CONCLUSION

For the reasons stated herein, the Court will grant the Motion to Dismiss for Failure to Prosecute Pursuant to Rule 41(B) (Doc. 40) and dismiss Plaintiff's lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 18th day of March, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Doc. 39.